1713.14, Advantek Marketing, Inc. v. Shanghai Walk-Long Tools. Mr. Wesley. Thank you, Your Honor, and may it please the Court, Keith Wesley for Advantek Marketing, the plaintiff and appellant. This Court decides many, many, many extraordinarily complicated appeals with, for example, highly technical patent issues. This is not one of them. Advantek applied to register a design patent in a gazebo-like animal housing unit, both with a removable cover and without a cover. The examiner required Advantek to choose one or the other. Advantek chose the gazebo without a cover. Defendants copied Advantek's patented design. Defendants are currently using a colorable imitation of Advantek's patented gazebo without a cover. However, here is the critical fact that the District Court overlooked or failed to understand. Advantek here is claiming that defendants' design without a cover, in other words, the design we have a patent on, infringes our patent. The District Court misconstrued our that defendant's product when used with a cover was the accused's product, and that's just not the case. Well, it's all derived from the fact that you put a picture in your complaint, correct? A picture of the accused's article that had a cover on it. I'm not sure if that was... That's a fact. That's in the complaint, correct? I'm trying to find the complaint in the record. Yeah, A23. It is absolutely a fact, Judge Clevenger, that we put a picture of the defendant's product with the cover in the complaint. Whether or not that was what drove the district court to conclude that we were claiming only the iteration of the defendant's... Well, if you hadn't had the picture of the accused's gazebo with the lid on it, what would have been the basis for the motion to dismiss? Well, I guess damned if you do, damned if you don't on that one. That was the only picture we had, and we thought, well, it would be helpful for everyone to know what product we're claiming. However, we also included in the complaint an allegation that specified that what we were accusing as infringing was our patented design. And this is at APPX 25, paragraph 17 of our amended complaint. It says that they have infringed and continue to infringe by making, using, offering for sale, and or selling the patented design without the authority of Advantech. And so we made that clear in our complaint. And if it wasn't clear, there are two things that I want to bring to the court's attention. And then in response to the motion to dismiss, I believe your filing pointed out that the defendant's cover is removable, replaceable. Correct. That you don't need to have the cover on it at all. I mean, if you want your patch to get some sun, you take the cover off. That's exactly right. And we felt like the district court should have been adequately apprised of our intent. And if you combine that with this... And then you asked for leave to amend. We did ask for leave to amend. And if you combine that with the standard that the district court was reviewing our complaint, it was a 12C motion, so the district court was required to construe all of our allegations and inferences as true. If you were to amend your complaint, presumably you would take the pictures out that show the cover. I'll go even further than that, Judge Clemenger. We have new pictures with them affirmatively marketing the product without a cover. So we would replace the old confusing pictures with new pictures that make it 100% clear, absolutely pellucid, that we are accusing... I must confess, I did not download or try to download the record from the district court, but you had a motion for leave to amend on the docket. Was it actually denied when the case was closed? It looked to me as if the judge was either unaware that you had a motion to amend or didn't address it. You know, Your Honor, I can't recall that. I know we amended prior to the defendant's alternative claims, and I don't recall a motion for leave to amend on the docket. But what I would say is that... You moved to amend the complaint, correct? You amended the complaint. You have a First Amendment amended complaint that has some more allegations in it, right? Correct. Did you seek to amend after that? Well, in response to their motion... We asked the district court for leave to amend, and we did not file a separate motion. But let me say this... When you asked for leave to amend, is that oral? Well, it was in our brief, and the reason why it wasn't oral was because the judge took the matter under submission, so we never had an opportunity to appear in front of the judge. I just want to make one point clear on the leave to amend, because I know my adversary took issue with the fact that our request was in a footnote. We're operating here under Ninth Circuit procedural law, and the operative case that I wanted to bring to the court's attention is Sharkey v. O'Neill. This is 778 F3D 767 Pinsight 775. I'm sorry, Pinsight 774. This is a 2015 decision of the Ninth Circuit, and it says, I quote, Dismissal with prejudice constitutes an abuse of discretion where the district court fails to make a determination that the pleading could not possibly be cured by the allegation of other facts. And this is the important point. And this is so even if no request to the Ninth Circuit, it is reversible error to deny leave to amend, even if we never mentioned it, which we did. And so I think under these circumstances, it's clear. I mean, the general rule is that leave to amend should be freely granted. Absolutely. Unless you can show prejudice, and the argument your adversary is making is not prejudice, but that they say it would be futile. Well, we're getting off on a sidetrack. Let's stick with the argument as I understand it, which is that the designs are the same. In our view, the designs are exactly the same, and that's what we alleged. Now, they're going to say that, but we added a removable cover, and that's the design that you decided in front of the examiner to withdraw. But again, the key point here is that we're not alleging that their design with the cover is the infringing product. We're alleging that a component of their design that oftentimes is used without a cover, which we can allege in our amended complaint, that's the accused product. Well, it's not so much their design as their product. When you say their design, I mean, it's their product. They may personally view their design just to be the superstructure and not the cover. Their product has the cover on it. Well, in our view, their product can have the cover on it, and it cannot. And that's exactly what we would allege if we were given the opportunity. I mean, if you were to bring a lawsuit against your adversary for the cover, if you simply said, you know, we are alleging that their cover infringes our patent, it would be a frivolous complaint. You'd be sanctioned for that. Exactly right. And the patenters can't possibly cover a cover. Absolutely. And I believe that the defendants here can use the exact cover that we used. They just can't use the underlying structure because we have a patent on it. And that's straight from the Samsung and Apple case, saying that a component part of a defendant's product can infringe. It doesn't need to be the entire product. It can be a component. Did you ever file a divisional on the gazebo with the gazebo roof? My understanding is there is an application pending with the roof. Pending? Going back to the original date or what's still pending? A division after the election was made? Correct. That's my understanding. A division would have had to have been filed within a certain time frame? You're saying that you think that was done? That's my understanding, yes. So what about Pacific Coast? I mean, that's the case that the judge below relied on, including, well, those restricted out designs in that particular case were disclaimed, essentially, and lost in terms of being able to capture coverage by using the elected design. Sure. Why don't we just apply that here in concluding that there were really two embodiments at stake, a kennel with a cover and a kennel without a cover. You elected the kennel without a cover, and so you don't get the kennel with a cover. Well, Your Honor, in my view, Pacific Coast actually supports us. There the plaintiff claimed a variety of windshield designs, ultimately patented a single design with four holes, and then was accusing a windshield with three holes that it had never abandoned. And the court, this court, found no estoppel under those circumstances. Here as well, the product that we're accusing of infringing is the underlying shell or the cage, or we've called it the skeletal structure. It's everything except that vinyl on top of it. And that's what we own the patent in, and that's what we never withdrew when we were in front of the patent office. So under Pacific Coast, I think we're rock solid. If the court has... Oh, I'm sorry, Your Honor. I didn't mean to stop you mid-sentence. I was just going to say if the court has nothing else, I was going to reserve for any rebuttal. Fair enough. Let's hear from the other side. Mr. Kohlberg. Good morning, Your Honors, and may it please the Court. This is a case about notice, the notice function of a patent and its prosecution history that the public, including the appellees... It's a case of whether the designs are the same. The claims that were brought relates to infringement of a design patent. And this appeal, I would posit, relates... There's a common thread, which is notice. And this is what I want to talk about a bit this morning, is the notice function of a patent. If you look at the appendix, page 14, it's the first page of Advantax patent in this case. Every patent says this is what I claim. So here they claim that it's hexagonal structured. Actually, they claim it's octagonal. And our product is hexagonal. Okay. However many it is... Big difference, actually. There's eight, ours is six, Your Honor. But from the pictures, it looks as if they're the same. Whether it's octagonal, whatever. From the comparison of their product, as opposed to their design drawings, there is a certain facial similarity to one of the figures. I would agree with that, Your Honor. But there are so many differences that are actually not that issue yet. We haven't gotten to that stage of the case. That's for later, if we have to deal with that. What would your view be if, in the complaint, they hadn't had the picture of your client's product with the lid on, but they'd gone out and snapped a picture of one with the lid off? Yeah. In their complaint, Your Honor... You would not have an estoppel argument? I think we would, Your Honor, because they make a big deal in one of their briefs about being the master of the complaint. But where does an estoppel come in if you're given a restriction requirement and you respond by making the choice? Where are you estopped? You're estopped with respect... Under Pacific Coast, Your Honor, you're estopped with respect to the design that you have surrendered. So the design that they surrendered was an ornamental design for a gazebo with a cover. And so the estoppel applies to a design, that specific design, for a gazebo with a cover. A non-elected species is not an estoppel? A design patent is not. A design patent operates on different principles. You're entitled to the design that you present and that you picture. Yes, Your Honor. But then to say you could have claimed a whole bunch of other things which you didn't claim, which embellish your design, therefore you're estopped from enforcing your design patent against that which you have patented in the design that you pictured? We're relying on the Federal Circuit's decision in Pacific Coast, Your Honor, which is on all fours with this case. It's exactly the same circumstance. A design patent with different sets of drawings and there was a restriction requirement by the examiner and based on the restriction requirement, the patent applicant withdrew certain drawings. That was held by the Federal Circuit in Pacific Coast to give rise to prosecution history estoppel. In the design patent? In a design patent case. And it specifically didn't comment about the utility patent? Correct. That's correct, Judge Chen. So what I want to emphasize and just in response to Judge Clevenger's question about the photo, what the plaintiff and appellant, Advantech, did in its complaint was more than just put a photo. They defined the accused product and if you look at the appendix, page 24, the body of the complaint, this is their first amended complaint, it's very clear as to what is accused of infringement. It's the whole product. The pet companion, outdoor pet kennel and that is specifically a defined term in the complaint. But I think there's a little bit of ambiguity here because yes, they point to the commercial product you have out there on the market but the commercial product you have on the market has a cage that is at least similar to the patented design of a cage and so in that respect one could read this complaint as targeting just those aspects of the defendant's commercial product that look very much like but I won't say substantially similar, just looks like the 006 design. Your Honor, I can understand an argument that the complaint can be frankly, but I can see how someone might argue that but I would say when you read the actual text they're the master of their complaint and they said they're accusing the product. They didn't say we're accusing the cage, the skeletal structure. They said they're accusing the product and they put a picture of the whole product with the cover. And frankly, I think that's what they were doing until They could amend the complaint to get rid of any ambiguity. They could have, once we pointed out the prosecution history which I think came as a surprise to them, they could have said oh, well, you know, our patent actually is different. Whether in a footnote or otherwise, they said we'd like to amend our complaint. Why shouldn't we send it back and let them amend their complaint? I'll explain, Your Honor. It's sort of a three-step process. So there's, what is accused here? What does the complaint say? And we believe under Twombly What are the reasons why we shouldn't send it back and let them amend the complaint? Understood, Your Honor. So under Twombly, an amendment has to do more than just have threadbare conclusory statements. What they want to say is that they're accusing the patented design. That's not what they did in the first amended complaint. That's not what they'd be allowed to do in a second amended complaint. You can't just say what we're accusing is the patented design. That's an interesting question, but that could arise on if you send it back and they want to amend the complaint and you argue with the judge they can't amend the complaint, maybe that'll be so. But at the moment, there seems to be some dispute as to what the complaint is covering and ordinarily you allow an amendment to the complaint or try to amend it. So a couple of things, Your Honor. What does their patent claim? And they say you just look at the drawings. And I understand that that is sort of a very rough way that people think about design patents. If you look at appendix page 14, which is, I would urge Your Honors to look at appendix page 14, the first page of their patent. There's one sentence under the heading of claim. And the one sentence under the heading of claim in their patent says the ornamental design for a gazebo as shown and described. That's how you claim designs? And this is... So that's all you can do? Right. And so you give context. They're not saying, when you look at a drawing you don't know, is this a tattoo? What's the size? What is this context? The claim sentence says it's for a gazebo. With a picture. Right. As shown and described. And then the description says figure one is a top perspective view showing my new gazebo design. That's how you're required to claim. That's right, Your Honor. Put in any more and they scold you. If they were just seeking a design on a component, they could have explained we're seeking an ornamental design for the skeletal structure that supports a gazebo. Is there any case law that requires them to so specifically articulate what it is that their design is? That it's just a component of a larger product as opposed to the full and complete and finished product. And don't you dare change one iota of it? Well, I would think, Your Honor, the public's entitled to rely on what they actually do say. Whether they were required to say anything more, what they have said is that this is a design for a gazebo. And again what they accused was a gazebo. Your argument right now is separate and independent from any prosecution history estoppel idea. You're just saying, just based on the four corners of this page of the 006 patent they are constrained to coverage to just this particular item and no add-ons can be included that would infringe this patent. Is that your argument? Well, I'm really trying to get to kind of answer, it's a little bit roundabout, I'm really trying to answer Judge Clevenger's question around notice. I mean, I'm sorry, around amendment. I'm sorry, before you walk away from me What's your answer to that? So the answer is they were, because of prosecution history estoppel, they have surrendered a specific modification if you would, or a specific version that would include a cover. But they didn't surrender it for patentability. That's the difference between the cases that are being cited. They surrendered it in response to a restriction requirement. Respectfully, Your Honor the Federal Circuit in the Pacific Coast case stated that when you do that it is a reason of patentability. That you're not going to get your patent unless you do that. And so therefore it does count for prosecution history estoppel as a surrender for reasons of patentability. I would understand, Your Honor, if you choose to take issue with Pacific Coast, that's a different question but that was stated in that case. But I do really want to, I know my time's getting short here and I want to answer Judge Clevenger's question about amendment. And going back to notice they did not file a notice motion, so they didn't say if we are if our pleading is defective, if prosecution history estoppel applies based on what we've accused in our first amendment complaint, please give us a chance to file a second amendment complaint. They didn't do it in a formal motion, not saying they had to, but they didn't. They did it in a footnote. And the key thing that they did was specify what they would have done in an amended pleading. So they shouldn't be given the benefit of any possible pleading under the sun, but they said what we would do, Your Honor, is allege that during assembly you can see the skeletal structure without a cover. They might not even say that, they might just take a picture of one of your devices that doesn't have the cover on it. They didn't say they would do that, Your Honor? I don't know what they're going to, what they said to the judge by way of amendment is quite thin, it's in a footnote. And I think they have to be held to that, Your Honor. I understand that, but I mean, listening to the state here and what's actually being charged and whatnot and in a circuit where amending complaints is very, very liberally granted, I'm just wondering why the proper resolution in this case isn't to vacate and send it back. Judge Rios seemed to think that prosecution history stopped and totally got rid of the entire case. There wasn't any possibility of suing against a disabled or one of your clients. You know, the fabric blew away so they had to order a new one and so for several months they had a structure sitting out there that was without a cover on it. So all I'm saying is, I just wonder in my own mind why the better result isn't to put this case in the posture where the plaintiff really wants to have his case. And that would be by giving deep commitment. Now on remand you could argue, well I'm terribly sorry but under Twombly you're not allowed to have the amendment you want to have. And that would further sharpen the debate about what's really at stake in this case. Well, Your Honor, cases have to be decided based on what was presented below. We have to decide what's fair and just as well as lawful in the circumstances of this case the way it's served up. Of course. And what's fair and lawful and what's appropriate is to hold them to what they said in their papers. Because at appendix page 240 their opposition to the motion. Right, but you have to agree with me that if they actually brought a lawsuit against you and said we're suing you because you've got a cover on your gazebo and your cover infringes our patent, that would be a frivolous complaint. You'd ask for sanctions. Of course. Against that. That's what they did. And that's the way the judge thought that's what the judge thought was coming down the pipe here. That's what it was. That's our view. That's what it was. Exactly. But Your Honor, what they said to the court, this is I haven't made my main point to you, which is with respect to amendment, they told Judge Reel there were two things that they could do in an amendment. One was to say that under common sense during assembly, you would see the skeletal structure without a cover. And as a matter of law that is not enough. And Judge Reel is right. That would not be enough to find infringement because you don't look at it during assembly. You look during normal use. He didn't really respond to that. The two of you disagreed about exactly how far NRA Web goes about assembly. Where does assembly end? Your take on that case law is different from his. That's another point of dispute between the two of you that didn't actually get resolved. If this court finds that you can judge infringement during assembly, then we would agree that if their patent were for a component then you could have a complaint on this one basis. We think that the complaint is frivolous for so many other reasons. It's a much more interesting case than Judge Reel thought it was. Do all elements of a design have to be easily viewable from 10 feet away for there to be design infringement? If someone else appropriates that very design but perhaps a piece of the design is at least hidden if you look at it from 10 feet away? The ordinary observer has to be able to see the aspect. You judge by all four designs in this situation since it's four figures. The very last thing I want to say is what they told Judge Reel was discovery would likely develop additional points in the normal use beyond assembly. All they said that they had evidence was common sense is that you see it during assembly and discovery would likely give them evidence. That is not the basis for a complaint. You can't file a complaint saying we think if we take discovery we'll have evidence. So they did not have a basis for an amendment and that's the only thing that was in front of Judge Reel. So there was nothing they put in front of Judge Reel that would give him any basis for thinking that they have anything that they could do in an amendment. Thank you very much, Your Honors. Thank you, Mr. Spaulding. Mr. Wesley. Thank you, Your Honor. I'd remind the court that under the Sharkey case we didn't even have to mention an amendment. It would have been an abuse of discretion for Judge Reel to deny us leave even if we hadn't asked. That's the law of the circuit and so counsel's arguments regarding what we said, what we might do are irrelevant. In fact, what we would do is include a picture of the actual accused design, the skeletal structure, and we would include allegations as to how it's actually used. To Judge Chen's question in terms of infringement we know that this court has said that you have to look at the entirety of the product when judging infringement. The Contessa case, the bottom of the inside of a shoe. We're not just looking at a particular piece or we're not only looking at accused products up close. We're looking at the entirety of the design. Finally, overall point what the defendants are asking is really a gotcha result. They're saying, well you used the wrong word in your complaint. You put quotes around accused product. So too bad. We can forget about what the defendants did. Summary judgment. Case closed. That's not fair. My client did everything right here. Created an original interesting design. Applied for a patent. The attorney chose one iteration and now if prosecution history estoppel applies, the patent's rendered worthless. Just throw a vinyl cover over our design and you're free to copy it exactly. That's not how the design patent laws should work and I don't think that's the message this court wants to send. What would you say is the contribution to the ornamental arts with the 006 design, this octagonal cage? What makes this so pretty? I don't think the standard, your honor, is that it's pretty. Okay, well there's some kind of ornamental design requirement and I'm just trying to figure out what is it that you think is the ornamentation. I'd say art is in the eye of the beholder and in the eye of the examiner they found it ornamental enough for it to be considered a design patent. I'd say it's prettier than the shrimp tray in Contessa and perhaps than the croc in International Seaway. Unless the court has any other questions, I'll conclude. Thank you.